[No. 3.829.]

EDWARD McLAUGHLIN and C. T. RYLAND v. JESSE B. HART and his Wife SALLIE C. HART, HENRY PIERCE, WILLIAM PIERCE, OTTO SCHETTER, EDWARD PIGUET, EUGENE L. SULLIVAN, and J. B. E. CAVALIER.

Mortgaging Homestead.—If the husband and wife own a tract of land, a part of which is claimed as a homestead, and both execute a mortgage on the whole tract to secure a debt, and the husband afterwards executes a mortgage upon the part not covered by the homestead to secure his debt, and the first mortgagee forecloses, making the other mortgagees parties, the second mortgagees cannot insist that the homestead be sold, but the decree should direct the part not covered by the homestead to be first sold, and if the proceeds satisfy the first mortgage that the homestead be reserved from sale. The second mortgagees must rely on the surplus, if any, arising from the sale of the part not covered by the mortgage.

Appeal from the District Court of the Third Judicial District, County of Santa Clara.

The action was brought by Edward McLaughlin and C. T. Ryland, copartners, doing business under the firm name of McLaughlin & Ryland, to foreclose a mortgage given by the defendants, Hart and wife, to secure the payment of a

promissory note made by Hart to Ryland, and afterwards
assigned to the firm.   Subsequent to the making of the
mortgage the defendant Hart, to secure his own debts, exe-
cuted other mortgages (in which his wife did not join) to
the defendants, H. & W. Pierce, Otto Schetter, and Edward
Piguet.   Hart and his wife had claimed fifty acres of the
land mortgaged as a homestead, and had filed a declaration
of homestead as required by law.   The first mortgage cov-
ered the homestead, but the subsequent ones did not include
it.   The Pierces, Schetter, and Piguet filed a cross-com-
plaint, asking to have their mortgage foreclosed.   By the
decree the homestead was exempted from sale, unless it
should be found necessary to have recourse to it in case the
remainder of the property should be found insufficient to
satisfy the first mortgage and the Sheriff's fees.   Schetter
and Piguet appealed.

*Sidney V. Smith & Son* for Appellants, argued that the ap-
peal was based upon the position that the case presented a
condition of affairs to which was applicable the equitable
doctrine, that where one creditor has two funds to which he
can resort and another creditor has a lien on but one of these
funds, the latter can force the former to go to the fund which
is not controlled by the latter, and that the equity of Mrs.
Hart as to her homestead was subordinate to the equity of
the lien holders, and cited *White* v. *Polleys*, 22 Wis. 503;
Story's Eq., Sec. 633.

*C. B. Younger*, for Respondents, cited Long's Eq. 642;
Will. Eq. 338; *Gregg* v. *Bostwick*, 33 Cal. 220; *Delaney's
Estate*, 37 Cal. 176; *Barber* v. *Babel*, 36 Cal. 11; *Spear* v.
*Ward*, 20 Cal. 660; *Vartil* v. *Underwood*, 18 Barb. 561.

By the Court :

It is clear that as against the McLaughlin mortgage Mrs.
Hart had the right to insist that the outside lands included

in that mortgage should be exhausted before resorting to the homestead tract. In this view these outside lands constituted, to the extent of their value, a security provided against the possible sacrifice of her homestead to pay McLaughlin's debt. This security, for obvious reasons, could not be impaired to her injury without her consent. The debts are owing by her husband, and the liens of the junior mortgagees upon the outside lands were created by him alone and without her consent, and to hold that these latter mortgagees may, for their own benefit, compel a sale of the homestead to satisfy the McLaughlin mortgage, would be in effect to create a lien in favor of the junior mortgagees upon the homestead of Mrs. Hart without her consent.

Decree affirmed; remittitur forthwith.