## THE EQUITABLE LIFE INS. CO. v. GLEASON ET AL.

1. **Homestead**: MORTGAGE OF WITH OTHER LANDS: ORDER OF SALE ON FORECLOSURE: STATUTE CONSTRUED. Where real estate, including the homestead, is mortgaged to A., and afterwards the same real estate, except the homestead, is mortgaged to B., upon the foreclosure of the first mortgage, B. cannot insist that the homestead be first sold to satisfy A's claim, but the mortgagor may insist that the property, other than the homestead, included in A's mortgage be first exhausted, before the homestead is exposed to sale thereunder. Code, § 1993. *Dilger v. Palmer*, 60 Iowa, 117, distinguished.

### *Appeal from Polk Circuit Court.*

### SATURDAY, DECEMBER 8.

ACTION to foreclose a mortgage. The plaintiff is content with the relief granted, but the defendant, Gleason, is not, and appeals. His co-defendant, W. T. Laughlin, is the real party in interest adverse to Gleason.

*W. Kennedy* and *Wright, Cummins & Wright*, for appellants.

*Nourse & Kauffman*, for Laughlin.

SEEVERS, J.—The defendants, Gleason and his wife, executed a mortgage to the plaintiff on one hundred and sixty acres of land. This action was brought to foreclose such mortgage. Sellards & Laughlin were made defendants, it being alleged that they had some claim on the land junior to the plaintiff's mortgage. Gleason set up that he was entitled to a homestead in the mortgaged premises, and he asked that the land other than the homestead be first sold. That he is entitled to the relief asked must be conceded, unless the facts pleaded and established by Sellards & Laughlin bar such right. After the execution of the plaintiff's mortgage, Gleason executed to Sellards & Laughlin a mortgage on the land described in plaintiff's mortgage, except the homestead. This

mortgage contained covenants of warranty, and was foreclosed, and the premises therein described sold on execution and conveyed by the sheriff to Sellards & Laughlin. The defendant, Laughlin, insists that the homestead must be first sold to satisfy the plaintiff's mortgage, and Gleason insists that it should be sold last. The statute provides: "The homestead may be sold for debts created by written contract executed by the persons having power to convey, and expressly stipulating that the homestead is liable therefor, but it shall not in such cases be sold except to supply the deficiency remaining after exhausting the other property pledged for the payment of the debt in the same written instrument." Code, § 1993.

In *Dilger v. Palmer*, 60 Iowa, 117, it was held, when real estate including the homestead is mortgaged, and that portion other than the homestead is voluntarily sold and conveyed by warrantee deed by the mortgagor, that the latter cannot insist that the property so conveyed shall be first sold to satisfy the mortgage. In such case it was held that the homestead must be sold first.

We are now asked to go a step further, and hold, when the second mortgage is foreclosed, and the property other than the homestead sold under a special execution and conveyed to the purchaser, that the homestead must be first sold to satisfy the prior mortgage. If this step is taken, we can logically be asked to go still further, and hold, when the mortgaged property other than the homestead is sold under a general execution against the mortgagor and conveyed to the purchaser, that upon the foreclosure of the mortgage the homestead must be first sold to satisfy the mortgage. To so hold would be equivalent to ignoring the statute. It would in fact be judicial legislation.

Where the mortgagor voluntarily sells and conveyes a portion of the mortgaged premises, it should be conclusively presumed that he received the full value of the land conveyed; and in *Dilger v. Palmer* it was thought in such case that it would be inequitable and unjust to allow him to insist that

the land so conveyed should be first sold to pay the mortgage. It was thought that no such case was contemplated by the general assembly in the enactment of the statute. It is true that, for some purposes, a mortgage is regarded as a conveyance, but its ordinary purpose is the creation of a lien for the purpose of or as security for a pecuniary obligation. No presumption arises that the property is mortgaged to the full value; nor can the presumption be indulged that property sold at sheriff's sale brings its full value. The presumption, we apprehend, is that it does not. Hence, the right of redemption as to real property is given to both the debtor and judgment or lien creditors.

The conveyance in *Dilger v. Palmer* was the voluntary act of the mortgagor. In the case before us, the conveyance is the legal result of the mortgage, and, while it may be said to be the involuntary act of the mortgagor, yet, without doubt, the foreclosure sale and conveyance were made against his wish or desire. If the judgment of the circuit court is sustained, then Gleason will be deprived of his homestead, not by his voluntary act or conveyance, but by operation of law. We are not disposed to so hold. There is no case to which our attention has been called which, as we understand, is like the case a bar, for it is conceded that, if there had been no foreclosure and sale under the second mortgage, Gleason would clearly be entitled to the relief asked.

REVERSED.