JOSEPH C. MITCHELSON ET AL. V. CATHARINE SMITH
ET AL.

[FILED JANUARY 28, 1890.]

**Marshalling Assets:** HOMESTEAD: MORTGAGE. A and B, hus-
band and wife, executed a mortgage to C upon their home-
stead and other real estate.   Afterwards B, the wife, alone ex-
ecuted a mortgage to D upon all the real estate covered by the
first mortgage except the homestead. *Held,* That the first mort-
·gagee would not be required to exhaust the funds derived from a·
sale of the homestead before resorting to the land covered by the·
second mortgage in order that both debts could be paid; that·
the court would impose no obligations in the nature of liens to·
secure debts on the homestead not placed thereon by the parties·
themselves, or by statute as for taxes thereon, and that the secur-
ities would not be marshalled where the effect would be to place
an additional liability against the homestead to which both hus-
band and wife had not duly assented.

ERROR to the district court for Gage county.   Tried
below before BROADY, J.

*Hazlett & Bates,* for plaintiffs in error, cited : Story, Eq.
Jur., 636 ; Willard, Eq. Jur., 337–8 ; Maxwell, Pl. & Pr.,
669 ; *Davenport Plow Co. v. Mewis,* 10 Neb., 321 ; *Lee v.
Gregory,* 12 Id., 284 ; *Traphagen v. Irwin,* 18 Id., 199 ;
*Fassett v. Traber,* 20 Ohio, 544.

*Burke & Prout, contra,* cited: *McCreery v. Schaffer,* 26
Neb., 173 ; *Armitage v. Toll,* 64 Mich., 412.

MAXWELL, J.                                              •

On December 21, 1883, the defendants executed and de-
livered to Joel C. Williams a mortgage on a part of lot No.
15, in block No. 1, in the town of Blue Springs, and also
on lots 3 and 4, in block 9, in Hall's addition to Blue

Springs, to secure the sum of $186.92. This property stood in the name of Catharine Smith, and both Catharine Smith, and her husband, Jacob W. Smith, signed the mortgage.

On February 2, 1884, the defendant Catharine Smith executed and delivered to the plaintiffs a mortgage on that portion of the same property described as a part of lot 15, in block No. 1, to secure the sum of $425. This mortgage was signed only by the defendant Catharine Smith.

On the 7th day of January, 1886, the plaintiffs brought an action in the district court of Gage county, Nebraska, to foreclose the last mentioned mortgage. The prior mortgagee, Joel C. Williams, was made a party to this suit, and the allegations as to him in said foreclosure petition were as follows:

"The defendant, Joel C. Williams, claims a lien on said premises by virtue of a mortgage executed and delivered to him by said defendants on or about December 21, 1883, on the premises hereinbefore described, together with other property, to secure the sum of $186.92, and plaintiff alleges the fact to be that the other property included in said mortgage of said Joel C. Williams is sufficient to pay and is of sufficient value to secure said Williams his claim of $186.92, and that the property herein described is not of sufficient value to pay both the lien of these plaintiffs and the lien of the defendant Williams, and not worth over the sum of plaintiffs' said mortgage."

The prayer was the ordinary form of prayer of foreclosure with the addition that the defendant, Joel C. Williams, be required to exhaust his other security on his indebtedness before having or receiving any of the proceeds of the sale of the premises described in plaintiffs' mortgage. In the meantime Joel C. Williams disposed of his mortgage to the defendant Charles A. Murdock, who was substituted as defendant in place of Williams. On September 13, 1886, the defendant Murdock filed a cross-

petition asking that his mortgage be declared a first lien on the entire premises and for a foreclosure of the same.

The defendants Catharine and Jacob W. Smith filed separate answers to both the petition of the plaintiff and the cross-petition of the defendant Murdock.

The case was tried to the court, and a decision rendered in the case, finding generally for the plaintiffs, and that plaintiffs had a second lien on part of lot 15, in block 1, for the amount of their mortgage, and finding further that the defendant Murdock had a first lien on this same property, and also on lots 3 and 4, in block 9, in Hall's addition, and ordering the entire property to be sold to satisfy the amounts found due on the first mortgage, the surplus derived from the sale of part of lot 15, block 1, to be applied on the second mortgage. The court also found that lots 3 and 4, in block 9, in Hall's addition, constituted the homestead of the defendant, and therefore was not subject to the Mitchelson mortgage. An order of sale was issued on this decree on the 31st day of December, A. D. 1887, and placed in the sheriff's hands, who advertised the property for sale.

On the day of the sale the plaintiffs served on the sheriff a request that he first offer for sale lots 3 and 4 in block 9, Hall's addition to Blue Springs, being the property covered by the prior mortgage of Murdock, and upon which plaintiffs had no lien. This the sheriff refused to do, but sold the part of lot 15, in block 1, which was covered by both mortgages, and upon which the plaintiffs had the second lien for $425, and in his return says : " The above described real estate, having been sold for enough to pay off the first judgment, interest, and costs, in said order of sale, and the second judgment, not being a lien on lots 3 and 4, in block 9, in Hall's addition to said town of Blue Springs, I did not sell said lots. The second lien returned wholly unsatisfied."

The plaintiffs filed a motion to modify the decree rendered in the foreclosure case to correspond with the fact and

the judgment and decree actually rendered in the case. The motion was overruled and duly excepted to.

Plaintiffs also filed objections to the sale, which were overruled, and the sale confirmed by the court and deed ordered.

As the mortgage in question created no lien on the homestead, the case was not one in which it would have been proper to marshal the liens and require the first mortgagee, whose mortgage was not signed by both husband and wife, to exhaust the lien on the family homestead before resorting to part of lot 15, block 1, which was covered by both mortgages.

If lots 3 and 4, in block 9, in Hall's addition, were not the family homestead, the plaintiff would be entitled to the relief sought, as the first mortgagee has two funds for the satisfaction of his mortgage, but one of which can be reached by a second mortgagee; but as those lots constitute the homestead the court has no authority to impose a greater burden upon such lots than has been placed thereon by the parties themselves. If it could do so it would be possible to divest the parties of their homestead altogether by compelling them to pay debts, as burdens on the homestead, which were not liens thereon.

The homestead law is remedial in its character, and is to receive a liberal construction to carry into effect its beneficent provisons. No burdens will be placed on the homestead, therefore, not created by the parties themselves, or by the law, as for taxes, nor will a mortgagee of real estate, a part of which constitutes the homestead, be permitted or required to resort to the homestead alone for the satisfaction of his lien, to the exclusion of the other real estate owned by the mortgagor, nor is the case one in which the securities can be marshalled.

The judgment is therefore right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.