[L. A. No. 2203. Department One.—February 20, 1909.]

C. A. BLOOD, Appellant and Respondent, v. ALICE F. MUNN, and O. B. MUNN, her Husband, et al., Respondents and Appellants.

MORTGAGED HOMESTEAD—BANKRUPTCY OF OWNER—POWER OF UNITED STATES DISTRICT COURT — APPRAISEMENT AND PARTITION UNDER CIVIL CODE.—When a wife owning a mortgaged homestead as her separate property, having a value in excess of five thousand dollars, instituted voluntary proceedings in bankruptcy and asked to have the homestead set apart as exempt property, the United States district court, in the exercise of its power to "determine all claims of bankrupts to their exemptions," had jurisdiction to adopt the proceedings provided in our Civil Code for the appraisement and partition of the homestead so as to segregate the portion representing the five-thousand-dollar exemption and to ascertain what part was subject to the payment of debts.

ID.—FORECLOSURE OF MORTGAGE — ADMISSION AS TO REGULARITY OF BANKRUPTCY PROCEEDINGS.—Where it was admitted upon the foreclosure of the mortgage against both husband and wife who were joint makers thereof, that the orders of the bankruptcy court appointing the appraisers and confirming their partition were duly given and made, this involves an admission that the requisite no-

tice was given both to the husband and wife as having an interest in the exemption of the homestead, and that each of them were bound by the appraisement and partition made.

ID.—EFFECT OF PROCEEDINGS AS TO EXCESS—DIVESTING OF HOMESTEAD CHARACTER—LIEN OF MORTGAGEE NOT DIVESTED.—The effect of the proceedings in bankruptcy as to the excess over the homestead was to subject the same to sale, as part of the bankrupt's estate, and to divest it of its homestead character. But the mortgagee, not being a party to the proceedings, was not divested of his lien upon the whole property, and he thereafter held the lien on two parcels of land, one of them being the homestead and the other a tract not having that character.

ID.—RIGHT OF HOMESTEAD CLAIMANTS TO HAVE UNEXEMPT PROPERTY FIRST SOLD.—The homestead claimants with respect to the mortgage on the exempt and unexempt tracts, stand in such relation thereto as entitles them in equity to insist that the unexempt property in which they have no interest shall be first sold and applied toward the mortgage debt before resorting to the lien upon their homestead tract in which they have an interest.

ID.—RELEASE OF UNEXEMPT TRACT BY MORTGAGEE FOR LESS THAN VALUE—MORTGAGEE CHARGEABLE WITH FULL VALUE.—When after sale of the unexempt tract in the bankruptcy proceedings, the mortgagee voluntarily released the unexempt tract to such purchaser without the consent of the mortgagors, for a sum less than the full value of the unexempt tract, whatever effect the sale under the bankruptcy proceedings may have as against the wife who instituted the proceedings, the husband who is not bound by the sale, may insist that the mortgagee shall be charged in favor of the lien upon the homestead with the full value of the unexempt property so released in the foreclosure suit.

ID.—UNSUPPORTED FINDING AS TO VALUE.—*Held,* that the finding as to the value of the unexempt property is wholly unsupported by the evidence, which without contradiction shows that it was worth a larger sum than that found.

ID.—SALE AND CONFIRMATION FREE FROM ENCUMBRANCES—ESTOPPEL BY JUDGMENT NOT SHOWN.—Where the petition for the sale in the bankruptcy proceedings and the order of sale did not provide for a sale free from encumbrances, the fact that the sale was so in fact made and was so confirmed by the court, does not show an estoppel by judgment, where neither the mortgagors nor the mortgagee were parties to the sale, or were notified thereof, and neither of them have stipulated that the order of confirmation was duly given or made.

ID.—KNOWLEDGE OF SEGREGATION OF HOMESTEAD AT TIME OF RELEASE. —*Held,* that the uncontradicted evidence shows that the mortgagee knew all about the segregation of the homestead property, when it released the mortgage upon the unexempt property, and was notified before the release was executed, that if made it would

be held liable for the value of the released property by the mort-gagors.

ID.—CLAUSE IN MORTGAGE AS TO SALE OF WHOLE PREMISES—EQUITABLE RIGHTS UNAFFECTED—WAIVER.—A clause in the mortgage declaring that upon foreclosure sale the mortgaged premises shall be sold as a whole and not in parcels, cannot authorize the mortgagee, who by voluntary release has prevented the sale of the whole premises mortgaged, to insist thereon. The mortgagors, in this situation, have the clear right to waive the clause of the mortgage, so far as intended for their benefit, and to accept the act of the mortgagee as a waiver on its part, and to claim the proper credit upon their homestead burden on account of the release which they did not authorize.

ID.—APPEAL OF PLAINTIFF FROM JUDGMENT AS TO CREDIT ALLOWED—GREATER CREDIT REQUIRED.—The plaintiff having appealed from the judgment as to a small credit allowed by the court, and it being determined that defendants are entitled to a much greater credit of the full value of the property released, such appeal is immaterial, though defendants are not entitled to such credit in addition to the full value of the property.

APPEAL by plaintiff from part of a judgment of the Superior Court of Los Angeles County, and appeal by defendants from the judgment and from an order denying their motion for a new trial. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Hahn & Hahn, and William J. Carr, for Plaintiff, Appellant and Respondent.

J. J. Rossiter, and Harris & Swanwick, for Defendants, Appellants and Respondents.

SHAW, J.—Two appeals are here presented, one by the plaintiff from part of the judgment, the other by the defendants from an order denying their motion for a new trial. We will first consider the appeal from the order.

The action is to foreclose a mortgage, executed by the defendants Alice F. Munn and O. B. Munn, her husband, to the Union Savings Bank, to secure payment of their note for twenty-two hundred and fifty dollars. The bank assigned the note and mortgage to the plaintiff, after maturity, shortly before the beginning of the action and after the occurrence of the transactions which gave rise to the dispute upon the trial. The court found that there was due on the note, at the time

of its decision, the sum of $2319.53. The case depends upon the accuracy of this finding. Two principal questions are presented: 1. Whether or not the defendants are entitled to a credit on the mortgage debt for the value of a part of the mortgaged premises which the mortgagee released without their consent, the part not released being the homestead of the mortgagors; and 2. Whether or not, if otherwise entitled to such credit, they are estopped to claim the same by reason of certain proceedings and orders in the matter of the bankruptcy of Alice F. Munn.

1. With regard to the first proposition, the facts are as follows: Prior to the execution of the mortgage the entire mortgaged premises had become the homestead of the mortgagors by virtue of a declaration of homestead thereon by Alice F. Munn, duly executed and recorded. The property was the separate estate of Alice F. Munn and she then resided thereon with her husband. On November 23, 1904, upon her voluntary petition, she was duly adjudged a bankrupt by the United States district court. In her schedule filed in that proceeding she claimed the premises mortgaged as exempt property and asked that they be set aside to her as her homestead. Thereupon an appraisement and partition of the premises was made by proceedings in the bankruptcy court, in conformity with the provisions of sections 1245 and 1253 inclusive, of the California Civil Code, whereby it was ascertained and declared that a certain described part thereof was worth five thousand dollars and the same was set apart to her as an exempt homestead, and the remainder, which was appraised at five hundred dollars, was declared subject to sale in the bankruptcy proceeding for the payment of her debts. The latter tract was afterwards sold in the bankruptcy proceeding to one Nelson. Thereafter, on April 30, 1906, at the request of the trustee in bankruptcy, and upon payment by the trustee to the mortgagee of four hundred and twenty-five dollars, the same being a part of the price paid by Nelson to the trustee for the purchase of said tract, the bank released the said tract from the mortgage, without the consent and against the will of the mortgagors. The court found that the value of the tract released at that time was nine hundred dollars. This finding is contrary to the evidence. The lowest estimate of any witness as to its value was eleven hundred dollars. The court gave credit on account

of the release of the same for four hundred and twenty-five dollars and no more, that being the amount received therefor by the mortgagee.

Upon these facts we think it is clear that the defendants were entitled to have the value of the property released credited upon the mortgage debt.

Both parties apparently concede that it was within the power of the district court of the United States in the bankruptcy proceeding to adopt the mode provided in our Civil Code for the appraisement and partition of the homestead of the bankrupt so as to segregate the portion representing the five-thousand-dollar exemption from the remainder of the premises and thus ascertain what part was subject to the payment of debts. The Bankruptcy Act gives that court jurisdiction to "determine all claims of bankrupts to their exemptions." (Bankruptcy Act, sec. 2, clause 11; 1 Fed. Stats. Ann., p. 525; 3 U. S. Comp. Stats., p. 3421; Loveland on Bankruptcy, sec. 186.) Under this authority it seems reasonable to conclude that the United States court could adopt any convenient procedure provided by state laws for that purpose. It is suggested that although the appraisement and partition would be binding upon the bankrupt, Alice F. Munn, it could not be binding upon her husband, O. B. Munn, who had not submitted himself to the jurisdiction of the bankruptcy court. Upon the trial it was admitted that the orders of the bankruptcy court appointing the appraisers and confirming their partition were duly given and made. Our code provides (Civ. Code, sec. 1248) that "a notice of the time and the place of hearing, must be served upon the claimant, at least two days before the hearing," in proceedings for the partition of a homestead in such cases. Inasmuch as both the husband and the wife have an interest in the homestead and both must be considered as claimants thereto, and as a proceeding against one would be of no effect whatever unless it was binding upon the other, it must be conceded either that the word "claimant" in the above quotation is to be read in the plural, and that notice must be served on both, or that a notice upon the debtor who is proceeded against is sufficient to bind both. In either case the admission that the orders were duly given and made would be an admission that all the notice which the law requires was given. (See on the general subject, *Estate of Delaney,* 37 Cal.

180; *Bank of Woodland* v. *Stephens,* 144 Cal. 663, [79 Pac. 379].)   The effect of these proceedings was to subject such excess to sale as part of the bankrupt estate, and to divest it of its homestead character.   They did not affect the mortgage lien, however, and the whole tract still remained subject to the mortgage as before.   The consequence was that the mortgagee, by its mortgage, thereafter held the lien on two parcels of land, one being the homestead of the mortgagor and the other a tract not having that character.

Under such circumstances, it is held in this state that the homestead claimants, with respect to the enforcement of the lien, stand in the same situation as a surety for the payment of a debt, or in the situation of a third person who had a lien upon or interest in only one of two mortgaged parcels, with respect to a prior mortgage upon both.   The latter has the right to demand that the property on which he has no lien or in which he has no interest, be first sold to pay the prior mortgage.   The surety has the right to have the principal debtor's property first sold to pay the debt.   And in either case, if the creditor, without the consent of the surety or the one holding the lien or interest, release the debtor's property first chargeable with the burden, it will operate as a credit upon the debt of the surety, or in favor of the person holding the subordinate interest or lien, to the extent of the value of the property so released.   The right of the homestead claimants to their statutory exemption is, for reasons of public policy looking to the preservation of homes and families, held to be as sacred as that of a surety or one in the situation of a surety.   For these reasons it has been decided that the homestead claimant may have his homestead protected and preserved as far as possible, when it is covered by a mortgage which also includes other property, by requiring the other property to be sold and applied upon the debt before the sale of the homestead.   (*McLaughlin* v. *Hart,* 46 Cal. 638.)   In substance *McLaughlin* v. *Hart* is the same as the case at bar.   The mortgage appears to have been executed before the homestead was selected, and the homestead did not include all of the mortgaged land.   The court decided that the mortgagors could insist that the outside lands be exhausted before resorting to the homestead tract. Similar decisions are found in *Frick Co.* v. *Ketels,* 42 Kan. 532, [16 Am. St. Rep. 507, 22 Pac. 580]; *Horton* v. *Kelly,* 40

Minn. 193, [41 N. W. 1031]; *McArthur* v. *Martin,* 23 Minn. 74, 80; *McCreery* v. *Shaffer,* 26 Neb. 179, [41 N. W. 996]; *Mitchelson* v. *Smith,* 28 Neb. 583, [26 Am. St. Rep. 357, 44 N. W. 871]; *Armitage* v. *Toll,* 64 Mich. 412, [31 N. W. 408]; *Equitable L. I. Co.* v. *Gleason,* 62 Iowa, 277, [17 N. W. 524]; *Wilson* v. *Patton,* 87 N. C. 318. The same principle applies where successive alienations of different parts of the mortgaged property have been made. The grantees may insist that the parcels retained by the mortgagor be first sold to satisfy the mortgage. (Civ. Code, sec. 2899.)

In all such cases the rule is well settled that if the party holding the prior or paramount lien covering all the property, knowingly releases that which is primarily liable under the rules of equity, without the consent of those interested in that which is only secondarily liable, the latter may insist that the value of the property so released be credited on the debt secured by the prior or paramount lien. (2 Jones on Mortgages, sec. 1631; 19 Am. & Eng. Ency. of Law, pp. 1267-1269; 26 Cyc., 934.) This is a necessary result of the rule previously stated. For if the person interested in the property secondarily liable could not claim such credit when the primary property is released without his consent, he would, in such a case, be deprived of all benefit of the rule entitling him to have the primary property first exhausted. And as this reason applies as well to a homestead claimant as to others of the class, the effect of a release must be the same in one case as in the other.

2. The alleged estoppel to claim this privilege rests upon a clause inserted in the bid of Nelson, the purchaser of the segregated tract at the bankruptcy sale, that the sum offered was "conditional upon a clear title to the property *clear of all encumbrances,*" and a statement in the order of the bankruptcy court confirming said sale that "the sale of said property *free and clear of all encumbrances* to said Nelson aforesaid be and the same is hereby confirmed." There is no stipulation that this order was duly given or made, nor is it shown that either of the mortgagors or the mortgagee were made parties thereto or were notified thereof.

This does not constitute a sufficient estoppel by judgment. It may be binding upon the bankrupt, Alice F. Munn, who upon her petition in bankruptcy had submitted all her property and rights to the adjudication of that court, but she was

not the only party interested, nor the only party here sought
to be bound. The mortgagee did not prove its debt, nor in any
way become a party to the bankruptcy proceeding for the sale
of the property. It chose to rely on the security of its mort-
gage. And although, as we have stated, it is to be presumed
that O. B. Munn was notified of the partition proceedings, and
although his position in this cause precludes him from object-
ing thereto, and is in effect a ratification thereof, nevertheless
it did not bind him to ratify a subsequent sale free and clear
of all encumbrances. He was not a party to the proceedings
for the sale and the order confirming the sale did not bind him.
The petition for the sale, so far as appears, did not pray for a
sale free from liens, nor did the order of sale so provide. The
only mention of such a thing was in the bid and the order con-
firming the sale, as above quoted. Manifestly such a sale could
not be made without the consent of the third parties interested
therein unless they were duly notified of this proceeding. As
we have seen, the mortgage lien remained upon all the prem-
ises, and notwithstanding the partition the mortgagee was
under no obligation either by reason of the partition, or of the
sale, to release the tract sold. Its action in that respect was
wholly voluntary. The husband had a right in the homestead
and an interest in its preservation. As he was not affected by
the proceedings in bankruptcy, except as to the segregation of
the homestead property from that which was not exempt, he is
clearly entitled to have the value of the released property
deducted from the mortgage debt upon his homestead, so as
to reduce by that much the sum he will have to pay to remove
the lien therefrom.

The claim that the release was executed by the mortgagee
without notice or knowledge of the segregation of the home-
stead is without substantial foundation. The evidence is un-
contradicted that it knew all about the sale of the property
under the bankruptcy proceedings and the fact of the ap-
praisement and partition thereof segregating it from the home-
stead claim. It was expressly informed by the attorney of
Alice F. Munn, acting both for her and her husband, a day
or two before the release in question was finally delivered and
before the money therefor was paid, that if it made such re-
lease it would be liable for the value of the released property.
Even if it had not been thus notified by the mortgagors it ap-

pears that it knew all the facts bearing upon the question and it must be presumed to have known the law on the subject and to have been aware that it could make the release only at its peril. The fact that the release was signed at that time and was then in escrow for delivery upon payment of the four hundred and twenty-five dollars, is not material. It still had power to refuse the payment and revoke the authority to deliver the release, but it chose not to do so and to release the property and take the consequences.

The mortgage contained a clause declaring that upon a foreclosure sale the mortgaged premises should be sold as a whole and not in parcels. We do not perceive that this deprived the mortgagors of the right to have the mortgage lien preserved as to all the property, or of the right to object to having the entire burden thereof loaded exclusively upon the part eventually determined to constitute the homestead and thereby to that extent impair their homestead right. The mortgagee, by its voluntary release, has prevented the sale of the whole premises and consented to the sale of a part thereof, so far as it is concerned. The mortgagors have, in this situation, a clear right to waive this stipulation of the mortgage, so far as it operated for their benefit, and accept the act of the mortgagee as a waiver on its part, and to claim the proper credit upon their homestead burden on account of the unauthorized release by the mortgagee.

3. The appeal of the plaintiff is based wholly upon the proposition that the court erred in giving credit upon the mortgage debt for the four hundred and twenty-five dollars received by the mortgagee from the trustee in bankruptcy. As we have concluded that it should have included the entire value of the property released it is obvious that the plaintiff was not injured by this error, even if it were conceded to be such. The conclusions we have reached, however, make this appeal immaterial. Defendants are entitled to credit for the value of the property released, but not to the total credit of this sum and the amount received by the mortgagee in payment for the release in addition.

The order denying a new trial is reversed and the plaintiff's appeal is dismissed.

Angellotti, J., and Sloss, J., concurred.