[Civ. No. 1685.    Third Appellate District.—April 22, 1919.]

## R. E. L. GOOD, Respondent, v. GEORGE E. BROWN et al., Appellants.

[1] MORTGAGES—SIGNATURE BY WIFE—RELATING TO OBLIGATION.—Where the wife signs a mortgage given as security for the payment of a community debt, she is not merely a surety, but one of the principal obligors to the mortgage.

[2] ID.—HYPOTHECATION OF COMMUNITY INTEREST — CONSIDERATION.— A promise by the mortgagee "to put up barley and groceries and summer-fallow the land," and to bring no action until after harvest, constitutes sufficient consideration to support the hypothecation by the wife of her interest in the community real estate.

[3] ID.—EXISTENCE OF PRIOR MORTGAGE—EFFECT ON FORECLOSURE OF SUBSEQUENT MORTGAGE.—The foreclosure of a mortgage will not be barred by the existence of another prior mortgage which is security for the same debt, even though the prior one is a chattel mortgage.

[4] ID.—FORECLOSURE — MARSHALING OF ASSETS — PRESERVATION OF HOMESTEAD.—Where a creditor holds two mortgages as security for the same indebtedness, one of which covers real property on which a declaration of homestead has been duly executed and recorded, the humane policy of the law requires that such homestead, if possible, be preserved for the use and home of the family, and that the creditor first exhaust the other security in satisfaction of the indebtedness.

[5] ID.—EFFECT OF SECURITY BEING INCLUDED IN TWO MORTGAGES—RIGHTS WHERE BOTH COVER COMMUNITY PROPERTY.—It can make no difference in the application of the principle requiring the creditor to first exhaust other than the homestead property given as security that the security is included in two mortgages instead of one, or that one covers personal property instead of real estate; nor is the question affected in the least by the fact that both mortgages cover community property.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge. Reversed.

The facts are stated in the opinion of the court.

Ernest Klette for Appellants.

C. K. Bonestell and Kitt Gould for Respondent.

BURNETT, J.—The appeal is from a judgment of foreclosure of a mortgage on real estate. On the twelfth day of June, 1912, the defendant George E. Brown delivered his promissory note in the sum of one thousand dollars, payable ninety days after date, to the plaintiff, and to secure its payment executed a chattel mortgage upon certain personal property. Defendant Cynthia Brown was not a party to this note or mortgage, and when this suit was brought no action had been taken toward enforcing said chattel mortgage, and it existed as a valid lien on said personal property. Thereafter, on February 27, 1914, both of said defendants executed the real estate mortgage to secure the payment of this note. The land is community property, and prior to the execution of said mortgage the said defendant Cynthia Brown had executed and recorded, in due form, a declaration of homestead on said property.

The foregoing facts are undisputed, and in addition it is claimed by appellants that, when the real estate mortgage was signed by Cynthia Brown, it was agreed that the mortgagee would first exhaust the security on the personal property before resorting to the real estate mortgage.

The contentions of appellants are these: First, respondent was required to exhaust the personal property security before resorting to the foreclosure of the real estate mortgage;

second, Cynthia J. Brown was a surety on the second obligation, and by virtue of section 2850 of the Civil Code she had a right to demand that the property of the principal, that is, the personal property, be first applied to the discharge of the obligation, or, at least, by reason of the homestead, such was in effect the situation; and, third, by virtue of said agreement, plaintiff was obligated to resort first to the personal security.

As to the last of these, it may be dismissed with the statement that plaintiff testified positively that there was no such agreement, and we are bound by the finding to that effect.

The other contentions may be considered together, and to understand them fully some additional facts should be stated. Before the real estate mortgage was executed, Good became dissatisfied with the chattel mortgage security and notified Brown that unless further security should be forthcoming he would be compelled to take possession of said personal property and dispose of it. Good testified as to this: "Well, I got Mr. Brown into the store and told him that it was absolutely necessary that I foreclose this chattel mortgage unless I was given additional security, because the stock was getting older every day and being much abused by the work given them and my security was not sufficient. He at that time made a promise to me that he would give me a mortgage on a piece of property with his wife's signature to it. Later he brought the mortgage in and delivered it to me in my office at Clovis and I recorded it." The following questions and answers indicate the nature of Mrs. Brown's connection with the transaction: "Q. (By the Court.) Mrs. Brown, why did you sign the mortgage? A. Simply because I wanted to get this money to go on with the grain and harvest and to do summer-fallowing. Mr. Brown gave us to understand that there was only between six or seven hundred on the thousand. If I signed it Mr. Good was to put up barley and groceries and summer-fallow the land. My husband told me this. Q. You signed it upon your husband's statement to you that Mr. Good would furnish three hundred dollars more over the amount that was for the purpose of buying provisions? A. Yes."

It may be further stated that the plaintiff testified that he agreed not to bring an action to foreclose until after harvest. [1] It thus appears that Mrs. Brown was not a surety but

one of the principal obligors to the mortgage, which was executed to secure the payment of a community debt, **[2]** and the promise "to put up barley and groceries and summer-fallow the land" and to bring no action until after harvest afforded sufficient consideration to support the hypothecation of her interest in the community real estate. As to this position we deem the citation of authorities unnecessary.

**[3]** As to the claim that the personal security should have been exhausted first, the general rule seems to be that the foreclosure of a mortgage will not be barred by the existence of another prior mortgage which is security for the same debt. (1 Wiltsee on Mortgage Foreclosure, sec. 308.)

Under the general weight of authority, the rule is the same where the prior one is a chattel mortgage (Id., sec. 309), although it has been held otherwise in Alabama. (*Koger* v. *Weakly,* 2 Port. (Ala.) 516.)

**[4]** But the situation is changed by the fact that a homestead had attached to the real property, and it is the humane policy of the law to preserve, if possible, the homestead for the use and home of the family.

The principle is developed and well expressed in *Blood* v. *Munn,* 155 Cal. 228, [100 Pac. 694]. Therein the mortgagee held a lien on two parcels of land, one being the homestead of the mortgagor and the other a tract not having that character. Discussing the relation of the parties to the enforcement of the lien, the supreme court said that the homestead claimants "stand in the same situation as a surety for the payment of a debt, or the situation of a third person who had a lien upon or interest in only one of two mortgaged parcels, with respect to a prior mortgage upon both." After declaring the equitable right of such surety or third person, and that the right of a homestead claimant is as sacred as that of a surety, the court proceeds: "For these reasons it has been decided that the homestead claimant may have his homestead protected and preserved as far as possible, when it is covered by a mortgage which also includes other property, by requiring the other property to be sold and applied upon the debt before the sale of the homestead." In support of this doctrine a large number of authorities is cited. We shall go no further in that direction than to quote the following from 2 Freeman on Executions, section 440: "Perhaps a more

difficult question is, May one who has a lien on homestead and other property be compelled by the homestead claimants to first resort to the latter? On the other side, it is insisted that the right to compel a marshalling of assets never existed in favor of judgment debtors but only on behalf of persons claiming under them, and that the creation of the lien by the homestead claimants was, in effect, an agreement on their part that the lienholder might, at his discretion, sell any of the property which was subject to such lien, and that such agreement precludes such claimants from exercising any control over such discretion. But homestead laws should be liberally construed, and no intention should be presumed; nor should any interpretation be indulged which is at variance with the natural and obvious purpose of the parties. . . . Hence a mortgage on a homestead, and other property may fairly be interpreted as a waiver of the homestead right only as far as may be necessary to secure the debt; in other words, as a stipulation that the homestead may be sold, if the other property proves inadequate to satisfy the mortgagee's demand. Under this interpretation, the homestead claimants are entitled to compel the sale of the other property in preference to the homestead and need not submit to the sale of the homestead until the other securities have been exhausted, without fully discharging the debt.''

[5] Of course, it can make no difference in the application of the principle that the security is included in two mortgages instead of one, or that one covers personal property instead of real estate. In fact, there would seem to be greater reason in case of a chattel mortgage to compel the mortgagee to resort to that before demanding a sale of the homestead.

Nor do we think that the question is affected in the least by the fact that the chattel mortgage covered community property as did the homestead. If the personal property had been the separate estate of the husband, the wife, regardless of the consideration of the homestead, could, probably, compel a resort to said personal property before a foreclosure of the mortgage of the community property.

The ruling principle here is, though, as we understand it, the superior solicitude of a court of equity for the preservation of a homestead over other property not charged with that character.

We think, therefore, that the court should have suspended judgment in the suit until such time as plaintiff had exhausted the security under said chattel mortgage.

The judgment is reversed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 19, 1919.

All the Justices concurred, except Lennon, J., who was absent.