[Civ. No. 3006.  First Appellate District, Division One.—October 15, 1919.]

## MARY O. THOMPSON, Appellant, v. JOHN R. THOMAS et al., Respondents.

[1] MORTGAGES—PARTIAL RELEASE—DEDUCTION OF MARKET VALUE.— Generally, a mortgagee, with notice of several successive alienations of parts of the mortgaged premises primarily liable for the payment of the debt, cannot release a portion of the mortgaged premises for less than the market value of the property so released and charge the remaining portion of the premises with the payment of the balance of the mortgage debt without deducting therefrom the market value of the part released.

[2] ID.—AGREEMENT THAT MORTGAGEE MAY GRANT PARTIAL RELEASE —PUBLIC POLICY.—Where, however, a mortgage contains a provision that "the mortgagor agrees that the mortgagee may at any time without notice release portions of said mortgaged premises from the lien of this mortgage without affecting the personal liability of any person for the payment of said indebtedness, or the lien of this mortgage upon the remainder of the mortgaged premises, for the full amount of said indebtedness then remaining unpaid," the mortgagee has a right to grant a release of a portion of the mortgaged premises for less than the market value of the property so released and to hold the remainder of the property for the balance of the mortgage debt, and such a provision is not contrary to public policy.

APPEAL from a judgment of the Superior Court of San Bernardino County.  J. W. Curtis, Judge.  Reversed.

The facts are stated in the opinion of the court.

Hahn & Hahn and Elvon Musick for Appellant.

Frank C. Dunham and Geo. P. Cary for Respondents.

KERRIGAN, J.—This is an appeal from a judgment in an action to foreclose a mortgage.  The facts are as follows:

On August 13, 1913, a note, secured by the mortgage in question, was executed by the defendant Thomas to the plaintiff in consideration of a loan of four thousand dollars, the mortgage covering a number of lots of land situate in San Bernardino County.  On March 7,

1914, Thomas executed and delivered to Harold P. Collins a grant deed covering a portion of the mortgaged property. This deed was taken subject to the mortgage, and also contained a provision that the grantee agreed to pay the same. On September 12, 1914, Thomas conveyed the remaining lots except three thereof to defendant Callie L. McDowell, the deed reciting that the lots were subject to the mortgage. On September 23, 1914, Harold P. Collins by deed conveyed the property acquired by him above mentioned to R. F. Howard, this deed also being made subject to the mortgage. On July 7, 1915, the mortgagee, with actual notice of the aforesaid conveyances and of their terms, in consideration of the sum of $350, released the lots conveyed to Collins and by him subsequently transferred to Howard. In its findings the court places a value of two thousand dollars upon these lots. The various instruments referred to were all duly recorded.

The mortgage contained the following provision: "The mortgagor agrees that the mortgagee may at any time without notice release portions of said mortgaged premises from the lien of this mortgage without affecting the personal liability of any person for the payment of said indebtedness, or the lien of this mortgage upon the remainder of the mortgaged premises, for the full amount of said indebtedness then remaining unpaid."

The court in its decree decided that this provision of the mortgage was invalid, and in ordering judgment for the plaintiff directed that she credit upon the amount claimed the sum of two thousand dollars, which the court found to be the value of that part of the mortgaged premises released by her to Howard.

The plaintiff appeals from the judgment.

As we view the record there is only one important point in the case. The appellant contends that under the provision of the mortgage quoted she had a right to grant the partial release of the mortgaged premises to Howard for less than the market value of the property so released and to hold the remainder for the balance. [1] Generally, this could not be done, for the rule appears to be that a mortgagee, with notice of several successive alienations of parts of the mortgaged premises primarily liable for the payment of the debt, cannot be permitted to charge other portions of the premises

with the payment of the mortgage debt without deducting therefrom the market value of the part released. (*Woodward* v. *Brown,* 119 Cal. 283, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Irvine* v. *Perry,* 119 Cal. 352, [51 Pac. 544, 949]; *Blood* v. *Munn,* 155 Cal. 228, [100 Pac. 694]; *Humboldt Savings Bank* v. *McCleverty,* 161 Cal. 285, [119 Pac. 82]; 2 Jones on Mortgages, 7th ed., sec. 722 et seq.; 27 Cyc. 1372.) In other words, under this principle of equity the plaintiff, having knowledge of the several conveyances of portions of the mortgaged premises made subsequent to the giving of the mortgage, and of their terms, could not release the parts thereof conveyed to Howard for less than their reasonable value and enforce the balance of her claim against the remainder of the land. [2] But the provision in the mortgage upon which this controversy turns appears to have been inserted therein for the express purpose of avoiding the application of this equitable doctrine, and we perceive no reason why the provision should not be given the effect intended. Any person dealing with the mortgaged property did so charged with knowledge of the terms of the mortgage, one of which expressly gave to the mortgagee the right to release part of the property covered thereby without affecting her right against anyone personally liable for the payment of the secured indebtedness, or her right to look to the remainder of the mortgaged premises as security for the full payment of the indebtedness remaining unpaid. We cannot regard as meritorious the respondents' suggestion that this provision of the mortgage is contrary to public policy and, therefore, void. The law of this state gives very wide latitude to persons in respect to making contracts affecting their private interests, and we see no reason for holding that considerations of public policy forbid persons from entering into a contract by which they provide, as was done in this case, for the effect of a release of a portion of the mortgaged premises.

If we are correct in this view, it results that the trial court erred in its conclusion of law by which it credited upon the mortgage indebtedness the sum of two thousand dollars on account of the release by plaintiff of the lien of her mortgage upon that part of the premises transferred to R. F. Howard, instead of the sum of $350; and also in its conclusion of law that the provision of the mortgage herein-

before set forth was not binding upon purchasers or lien-holders for value when actual notice of their interest has been brought home to the mortgagee; and also in its con-clusions of law numbered IV and V in so far as they are affected by the construction of the said provision of the mort-gage adopted by said trial court.

The judgment is, therefore, reversed and the cause re-manded to the trial court for further proceedings in accord-ance with the views herein expressed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 11, 1920.

All the Justices concurred, except Melvin, J., who was absent.