[Civ. No. 2125.   Third Appellate District.—January 28, 1921.]

# R. E. L. GOOD, Respondent, v. GEORGE E. BROWN et al., Appellants.

[1] MORTGAGES—HOMESTEAD FORECLOSURE—SALE OF OTHER SECURITIES —ALLOWANCE OF CREDIT.—In an action to foreclose a mortgage on a homestead given to secure a debt which is also secured by a first chattel mortgage on certain livestock, the defendants are entitled to receive full credit upon the lien against the homestead for the entire sum representing the lien of the first chattel mortgage; and where they receive such credit they cannot compel the defendant to go through some sort of an anomalous foreclosure proceeding against himself, title to the cattle having theretofore vested in him by virtue of a sale to him by the sheriff upon the foreclosure of a second chattel mortgage, and the lien of the first mortgage thereupon having merged with his higher title and ceased to exist.

[2] EVIDENCE — CROSS-EXAMINATION OF ADVERSARY. — In view of the provisions of section 2055 of the Code of Civil Procedure, which permit a litigant to call his adversary and subject him to cross-examination as to any relevant matter without waiting for a foundation to be laid by previous direct examination, the court does not commit error in permitting a wide cross-examination of a defendant.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest Klette for Appellants.·

Kitt Gould for Respondent.

PREWETT, P. J., *pro tem.*—Action to foreclose a mortgage on a homestead. The plaintiff had judgment in the court below and the defendants appeal on the ground that other property should have been exhausted before resorting to the homestead. The defendants are husband and wife. This is the second appeal in this case. (See 40 Cal. App. 753, [181 Pac. 802].) On the former appeal it was distinctly held, in conformity with the general equity principle in marshaling assets, that the wife could require the plaintiff

to exhaust other securities before resorting to the homestead. After *remittitur* a second trial resulted in a judgment for the plaintiff, but in this new judgment the court credited the defendants with the value of the outside securities. The events material to the disposition of this appeal took place in the following order:

(a) On June 12, 1912, the husband alone executed his promissory note, in the sum of $1,000 and interest, payable to the plaintiff, and at the same time, as security for its payment, executed a chattel mortgage on certain livestock.

(b) On October 8, 1912, the real property was properly dedicated as a homestead.

(c) On February 27, 1914, for a valuable consideration, both husband and wife joined in the execution to the plaintiff of the mortgage in suit. This mortgage conveys the homestead premises as security for the payment of the aforesaid $1,000 note of June 12, 1912. It makes no reference to the chattel mortgage.

(d) On March 14, 1915, the husband alone executed an additional promissory note in the sum of $750, payable to the plaintiff and at the same time and as security for its payment, gave the plaintiff a *second* chattel mortgage on the livestock.

(e) On December 2, 1916, the plaintiff obtained a decree against the husband alone, foreclosing the second chattel mortgage and making no reference in the action to the first chattel mortgage.

(f) On March 8, 1916, this action was commenced and the former appeal was determined on April 22, 1919.

(g) On March 21, 1917, the livestock were sold by the sheriff to the plaintiff on said foreclosure for the sum of $455.

This sum is conceded to have represented a fair market value of the property at that time.

[1] The first chattel mortgage was never foreclosed. When the title to the livestock vested in the plaintiff in virtue of the sale to him by the sheriff, thus vesting in him both the lien of the first mortgage and the title to the livestock, the lien was merged in the higher title and ceased to exist. It is, nevertheless, quite true that equity could regard the lien as still subsisting, so far as might be found necessary in order to protect the rights of the wife.

The court, in protection of the rights of the homestead claim-ants, conceded to them a credit of $455 and interest to be applied as a credit on the mortgage debt against the home-stead.   It may be remarked that the husband testified that the title to the livestock vested in the plaintiff by virtue of an agreement between himself and the plaintiff whereby the title was transferred to the plaintiff for the sum of $455.

It is perhaps unnecessary to determine just how it vested, since it is conceded that it did in fact vest and that the sum of $455 represents a fair appraisal of the market value of the property.

The important fact, and upon this appeal the conclusive fact, is that the appellants received full credit upon the lien against the homestead for the entire sum properly represent-ing the lien of the first chattel mortgage.  This is all they had any right to ask and this they received in full measure.   The appellants insist that the plaintiff should go through the form of some sort of an anomalous foreclosure against him-self, but if such a foreclosure were a possibility it could result in no more than that appellants would receive credit for the value of the chattels and that, as above pointed out, they have received already.

[2] The appellants insist that the court erred in per-mitting too wide a cross-examination of one of them.  This matter as presented in the record would scarcely justify a reversal, even if it were well founded.  We are of the opin-ion that the examination was permissible.  Moreover, a recent amendment to the Code of Civil Procedure (section 2055) permits a litigant to call his adversary and subject him to cross-examination as to any relevant matter without waiting for a foundation to be laid by previous direct examination. We find no error in the record.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.