### JEWETT, TIBBETT & CO. *v.* MOSES BROCK AND OTHERS.

#### *Homestead.*

A mortgage of a homestead executed by the owner thereof, who was a married man, his wife not joining in the same, contained, after the description of the premises, the following words : "*saving always the homestead exemption in the same.*" *Held,* that this reservation did not alter the construction of the mortgage, the effect of which so far as the husband was concerned, was, after breach of condition, to pass the title to the whole premises, except the equity of redemption.*

EJECTMENT. The only question considered by the supreme court in this case concerned the construction of a certain mortgage made December 30, 1850, by Samuel Eastman to Samuel A. and Thomas L. Tucker, of a piece of land in Newbury, and the buildings thereon, then and for several years thereafter occupied by Eastman, who was a married man, as a homestead. The mortgage, after describing the premises conveyed, contained the following words : " being the same land on which I live ; *saving always the homestead exemption in the same.*"

The plaintiffs' claim to the land rested on a levy of an execution against Eastman subsequent to this mortgage, issued upon a judgment recovered on a debt incurred previous to December 1st, 1850, and their right to recover in this action did not exist, unless the above recited reservation exempted from the operation of the

---

* NOTE.—But see acts of 1860, No. 36, p. 30.—REPORTER.

mortgage during Eastman's life a homestead interest, which was not subject to attachment upon any debts of Eastman's except those incurred before December 1st, 1850.

The county court held that the reservation did not create any such exemption, but that the title to the whole premises so far as Eastman was concerned, passed by the mortgage, and therefore judgment was rendered for the defendant, to which the plaintiffs execpted.

*A. Underwood* and *C B. Leslie*, for the plaintiffs.

—— ———, for the defendant.

BENNETT J. This is an action of ejectment, and several questions have 1 een raised upon the argument; but in the view we have taken, it becomes necessary to consider only a single one. This suit is brought to recover the premises designated in the levy of the plaintiffs' execution, as the homestead of Samuel Eastman, the judgment debtor, and both parties claim under Eastman; and the question which lies at the threshold of this controversy is, what is the effect of the mortgage deed from Eastman to the Tuckers? It conveys by a general description of boundaries, the premises where the grantor then lived, " *saving always the homestead exemption in the same.*" In *Howe* v. *Adams*, 28 Vt. 541, it was held that the owner of a homestead having a wife might convey it by his own deed without joining his wife in it, so as to vest in the grantee a superior title to that of a subsequent attaching and levying creditor upon a demand, which accrued before the 1st of December, 1850, and as to whose claim the homestead was for that reason not exempt from attachment and execution. This homestead exemption does not *de facto* vest any title in the wife, but is nothing more than an *inchoate lien* upon the estate of the husband in her favor, and is subject to contingencies, and is to be asserted only for the benefit of the wife and family; and we apprehend that nothing is reserved to Eastman under his mortgage deed to the Tuckers, but an equity of redemption in the whole premises. The expression " saving always the homestead exemption in the

Jewett et al. *v.* Brock et al.

same," we think refers to the contingent rights which the wife might set up to a homestead on the premises as conveyed, and that it was not designed to reserve any portion of the premises to the husband. As to the husband the operation of the deed is the same as if it contained no such saving. With this construction the case is like *Howe* v. *Adams*, and should be governed by that case. Under this view the plaintiffs cannot succeed with their action, and there is no occasion to consider any other point.

Judgment affirmed.