### SOLOMON M. FIELD *v.* JOHN HAMILTON.

#### *Contract.   Surety.*

The plaintiff and M., partners, agreed between themselves that M. should pay the defendant for a pair of oxen which they had purchased of him. M. accordingly sent his note to the defendant in payment for the oxen, but the defendant refused to accept it, and demanded and received payment of the plaintiff. It was then agreed between the plaintiff and defendant that the defendant should hold M. s note, and not let it be known that he had received payment for the oxen, and if M. ever paid anything on it, he should pay it to the plaintiff, M. subsequently paid $85 on the note, not knowing that the defendant had received payment for the oxen. *Held,* that the plaintiff was merely surety for M., and as such, became entitled by subrogation to all the securities and avails of securities received by the defendant; that the defendant held M.'s note as security, and that the money paid thereon belonged to the plaintiff.

ASSUMPSIT for money had and received.   The case was referred, and the referee reported substantially the following facts :

In the fall of 1861, and the winter following, the plaintiff and one McDuffie were partners in buying and selling cattle and sheep.   In January, 1862, they, as such partners, purchased a pair of oxen of the defendant for $170.   McDuffie was present at the purchase, and had something to say about the oxen, and their value, but the defendant did not know they were partners, and supposed he was trading with the plaintiff individually.   The oxen were soon after delivered, and received by said partners, but not paid for, and were sent to market, and the partnership received the avails thereof.

In March, 1862, McDuffie failed in business, and soon after, he and the plaintiff had a looking over relative to their partnership liabilities, and also relative to McDuffie's liabilities to the plaintiff.   McDuffie then told the plaintiff he thought the defendant would take his individual note for the oxen and wait till he could pay it, and he agreed to send it to him.   Of this understanding the defendant had no knowledge.   Some time the last of April, 1862, McDuffie accordingly sent his note to the defendant for the price of the oxen, and wrote him at the same time, that he sent the note to pay for the oxen, and would pay it as soon as he could. The defendant was unwilling to accept the note, and in a few days went and saw the plaintiff and demanded pay for the oxen, and the plaintiff paid him.

The plaintiff at this time was owing considerably, and McDuffie's failure had embarrassed him, for he was not only liable to have to

pay the partnership liabilities, to some extent at least, from his private funds, but McDuffie was largely indebted to him, which he was quite uncertain of ever being able to realize much, if anything, from ; hence he was anxious to avoid being sued by the defendant, lest a suit by him might induce his creditors generally to sue. These facts, connected with the fact that he was really liable to the defendant, induced him to settle with the defendant for the cattle that day.

The defendant had McDuffie's note with him at this time, and it was agreed between him and the plaintiff that he should continue to hold it, and should keep his own counsel and not let it be known that he had received pay for the oxen, and if McDuffie ever paid anything on it, he should pay it over to the plaintiff.

McDuffie remained largely indebted for several years after his failure. Finally, being somewhat prosperous in business, in the early part of 1867, he paid the plaintiff a certain per cent. of his indebtedness to him, and the plaintiff discharged him from all further liability. In April, 1867, McDuffie, not knowing that the defendant had received pay for the oxen, compromised with the defendant and paid him $85 and took up his note. Some time before McDuffie compromised with the defendant, the plaintiff told the defendant to keep the note and keep still ; that he thought McDuffie was coming around and he should get something on it yet.

At the time the defendant received the $85, he intended to pay it to the plaintiff as agreed ; but he soon heard flying reports that there might be something wrong about the transaction, and he thought he better hold the money till he became satisfied where it really belonged. In May, 1867, the defendant told the plaintiff he had the money, and said if he could ascertain that it would be right to pay it to him, he would do so. The plaintiff demanded the money of the defendant several times in 1867. After this suit was commenced, McDuffie told the defendant that he had settled with the plaintiff and paid him all up, and that the plaintiff had no claim to the money, and to use it in defending himself. The plaintiff introduced McDuffie's deposition, wherein he testified that he had no claim to the money in the defendant's hands.

At the September term, 1871, the court, REDFIELD, J., presiding, rendered judgment on the report for the plaintiff; to which the defendant excepted.

*H. C. Wilson*, for the defendant.

*J. T. Allen* and *J. L. Edwards*, for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.   The defendant is overpaid for his oxen, and therefore has money in his hands that does not belong to himself. By virtue of the agreement between the plaintiff and McDuffie, as between them, it was the duty of McDuffie to pay for the oxen, and as he has not overpaid, the excess does not belong to him.   By virtue of the same agreement, the plaintiff was left to stand as a surety merely for McDuffie to the defendant on that debt, and when he paid the debt he became entitled, by subrogation, to all the securities and avails of securities which the defendant had, or afterwards received, on account of the debt.   1 Story Eq. § 499 ; *Miller* v. *Sawyer*, 30 Vt. 412.   The defendant had the note of McDuffie as such security and afterwards received the sum of eighty-five dollars as avails of the note, and when he received this money, it belonged to the plaintiff.

What was said and done by the plaintiff and McDuffie about inducing the defendant to accept the note of McDuffie in payment for the oxen, can have no effect upon the rights of these parties, for the defendant was not so induced, and on the contrary required payment of the plaintiff.

Judgment affirmed.