# EDWARD T. GREEN *v.* ALONZO A. KELLEY.

*Chattel mortgage. Oath. Demand by attaching officer for statement of amount due. Waiver of such statement by attorney. Sale of entire property when nothing but interest due.*

1. A., being surety for B. upon a promissory note, promised to pay the note according to its tenor, and in consideration thereof B. promised to pay A. the amount of the note and secure the performance thereof by chattel mortgage. *Held*, that the oath in the mortgage properly described the debt from B. to A. as an absolute one.

2. Under R. L. 1181, which provides that an officer, having under attachment property encumbered by chattel mortgage, may demand of the mortgagee a written statement under oath of the amount due, which the mortgagee shall render within fifteen days; a demand for such a statement *forthwith* is not within the statute, and the mortgage lien will not be discharged by failure to render the statement within fifteen days from such a demand.

3. The attorney for the attaching creditor may waive the rendering of such an account or extend the time within which it shall be rendered, after a proper demand made.

4. *Held*, that the evidence in this case tended to show such a waiver or extension.

5. A sale upon chattel mortgage of the entire property, although but one year's interest upon the debt was then due, would not discharge the proceeds from the mortgage lien, even if such sale were authorized; certainly not if the mortgagor were present, participated in and consented to the sale.

Assumpsit. Plea, the general issue. Trial by jury at the March term, 1891, Start, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff sought to recover of the defendant certain moneys in his hands, the avails of personal property sold by him.

This property had been attached by the defendant at the suit of one Holden Kelley as the property of Harris Green, a brother of the plaintiff. Previous to the attachment, Harris Green had given the plaintiff a chattel mortgage on this same property, and the evidence of the plaintiff tended to show that after the attachment this mortgage was put into the hands of the defendant, who had made the attachment, and that the property was advertised and sold upon the mortgage. The facts appear in the opinion.

At the conclusion of the plaintiff's testimony the defendant moved the court for a verdict in his behalf. This motion was overruled and the defendant excepted. The exception of the defendant was, that the plaintiff's evidence would not entitle him to a verdict, first, because there was no consideration for the promise sought to be secured by the chattel mortgage ; second, that the plaintiff did not render a sworn statement of the amount due on his mortgage within fifteen days from the date of the demand for such a statement by the defendant, and that neither the defendant nor the attorney for the attaching creditor had any authority from such attaching creditor to dispense with such statement ; third, that since the mortgage debt was not due, the sale of the property must be construed to have been upon the attachment and not upon the chattel mortgage.

*Geo. E. Lawrence,* and *Fayette Potter,* for the defendant.

The oath in the mortgage was not sufficient, the debt from the mortgagor to the mortgagee not being due absolutely. *Tarbell* v. *Jones,* 56 Vt. 312.

*H. A. Harman,* and *J. C. Baker,* for the plaintiff.

The promise of Harris Green to pay the plaintiff the amount of the note upon consideration that the plaintiff should pay the note to Holden Kelley, created an absolute indebtedness from Harris Green to the plaintiff, which was correctly described in the oath to the mortgage. *Harrington* v. *Wright,* 48 Vt. 427.

Whether Harris Green might have objected to a sale of the mortgaged property when nothing but a year's interest was due, he did not object, but was present and assisted at the sale. Hence this objection cannot be urged by the defendant. *Downer* v. *Flint*, 28 Vt. 527; *Cady* v. *Owen*, 34 Vt. 598.

The defendant having acted as the agent of the defendant in making the sale and receiving the proceeds, cannot now defend on the ground that his conduct was illegal. *Baldwin* v. *Potter*, 46 Vt. 402; *Thayer* v. *Partridge*, 47 Vt. 423, (429).

The opinion of the court was delivered by

ROWELL, J. The testimony tended to show that plaintiff was surety for his brother on a note to Holden Kelley, defendant's father, for about $600, and that, being such surety, it was agreed between him and his brother that he should assume and pay that note and that in consideration thereof his brother should pay him $600, and secure its payment by the mortgage in question, which was subsequently given. By that agreement, as between them, the plaintiff became the principal on that note and his brother became his surety. *Wells* v. *Tucker*, 57 Vt. 223; *Field* v. *Hamilton*, 45 Vt. 35; *Comstock* v. *Drohan*, 71 N. Y. 9. It constituted, therefore, an adequate consideration for his brother's promise to pay him $600, and that indebtedness was properly specified as absolute in the condition of the mortgage, and hence the mortgage was good.

Holden Kelley, having attached the mortgaged property on another debt against the plaintiff's brother, the defendant, who was the attaching officer, demanded of the plaintiff an account forthwith of the amount of the debt secured by his mortgage, which the plaintiff did not render forthwith nor within fifteen days after the demand; and it is claimed that by reason of such failure the property was discharged from the mortgage. The statute provides that if the mortgagee resides in this State, as the plaintiff did, he shall render such account within fifteen days after

demand, and that in default thereof the property may be held and sold by the attaching creditor discharged from the mortgage. R. L. 1181. An attachment being a proceeding *in invitum*, and the consequences of non-compliance with the officer's demand may be so serious to the mortgagee (if the statute is to have effect), the demand, in order to be good, ought to be in substance and effect such as the statute authorizes. A demand for an account forthwith is not the same in substance and effect as a demand for an account within fifteen days, nor as a demand without naming a time for compliance, but leaving the mortgagee to comply within the statutory period, of which he must take notice at his peril. Therefore the plaintiff was not bound to comply with the demand made, and his non-compliance worked him no legal harm. But if this were otherwise, what transpired at the office of Mr. Potter, the attaching creditor's attorney, on April 9, 1890, two days after the demand was made, when the plaintiff, at the suggestion of Potter, put his mortgage into the defendant's hands to be foreclosed, in connection with the way the business of such foreclosure went on afterwards to the knowledge of Potter, tended to show that Potter either waived the officer's demand altogether, or at least consented to an extension of the time for complying therewith, and to show that the account that was rendered on May 3d was within the extended time. That Potter, as such attorney, had authority to do this, is shown by *Willard* v. *Goodrich*, 31 Vt. 597.

Defendant's condition is not bettered by the fact that all the property covered by the mortgage was sold when only one year's interest was due. That, if unauthorized, did not release the property from the lien of the mortgage so as to enable the attaching creditor to hold it discharged from the mortgage. *Stackpole* v. *Robbins*, 48 N. Y. 665. But the testimony tended to show that it was not unauthorized, for it appeared that the mortgagor was present at the sale and participated in it, which tended to show that he consented to it; and if he did, he is bound by it, and the lien of the mortgage would attach to the money in the defendant's hands.

*Judgment affirmed.*