# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF VERMONT.

D. A. Perry *v.* W. H. and J. E. Ward.

October Term, 1908.

Present: Rowell, C. J., Tyler, Munson, and Watson, JJ.

Opinion filed January 16, 1909.

*Mortgages—Transfer of Property—Assumption of Mortgage—
    Liability of Grantee—Grantor as Surety—Pleading—
    Indemnity.*

Where grantees of land incumbered by a mortgage executed by the
    grantor accept a deed reciting that they assume and agree to pay
    that mortgage as part of the purchase price, and they go into
    possession under the deed, as between the grantor and the grantees,
    the latter are primarily liable for the mortgage debt, and the
    grantor is their surety therefor and may sue them on their failure
    to pay the interest on the debt, regardless of whether he has
    paid it.

*Quaere* whether in such case the land, or the money reserved by the
    grantees, becomes the primary fund out of which payment must
    be made.

In all cases of conditions merely to indemnify and save harmless, or
    to discharge and acquit plaintiff from any *damage* because of

such a bond or other particular thing, the proper plea is *non damnificatus*, and, if there be damage, plaintiff must reply it; but that plea is bad where the condition is to discharge and acquit plaintiff from such a bond or other particular thing, for then defendant must set forth affirmatively the special matter of performance.

· A grantee assumed and agreed to pay a mortgage on the land executed by the grantor. Thereafter the mortgagee sued the grantor ·for the interest due on the debt and also foreclosed the mortgage. The decree of foreclosure became absolute and the mortgagee took possession, the land being then worth more than the amount of the decree. Subsequently the grantor settled the mortgagee's suit against him by paying a sum less than the amount of interest due at the commencement of the suit and costs, which he sought to recover of the grantee. *Held*, that the mortgagee's act in so taking possession operated in law as a purchase of the land in satisfaction of the debt, and that, therefore, the grantee was liable to the grantor only for the amount he expended in the mortgagee's suit against him, with interest thereon.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by court at the March Term, 1908, Washington County, *Hall, J.*, presiding. Judgment for defendant. The plaintiff excepted. The opinion states the case.

*John W. Gordon,* and *J. Ward Carver* for the plaintiff.

As soon as the defendant failed to pay the interest as it fell due, the plaintiff, without paying the interest himself, had the right to bring an action against the defendants for its recovery. The plaintiff did not have to first pay the debt or make a settlement or wait until he was sued. "By the common law, where the condition of the obligation was merely to indemnify and save harmless, the defendant might plead *non damnificatus,* but where the condition was to discharge or quit the plaintiff from such and such a bond, or other particular thing, the plea must aver performance and the plea of *non damnificatus* was bad." 1 Saund. 116, and note; *Locke* v. *Homer,* 131 Mass. 93-95; *Hudson* v. *Bell,* 7 T. R. 97; *Holmes* v. *Rhodes,* 1 B. & P. 638; *Penny* v. *Foy,* 8 B. & C. 11; *Roosemore* v. *Radford,* 9 M. & W. 657; *Robinson* v. *Robinson,* 24 L. T. Rep. 112; *Re Negus,* 7

Wend. 499; *Lathrop* v. *Atwood,* 21 Conn. 117; *Redfield* v. *Haight,* 73 Conn. 31; *Gage* v. *Lewis,* 68 Ill. 604; *Gaffney* v. *Hicks,* 121 Mass. 301; *Fiske* v. *Tolman,* 124 Mass. 254.

Under a contract such as was contained in the deed from Perry to these defendants, the measure of damages in a suit by the grantor is the amount of the unpaid mortgage debt.   15 Am. & Eng. Enc. of Law (1st Ed.) 842; *Furnas* v. *Durgin,* 119 Mass. 500; *Port* v. *Jackson,* 17 Johns. 482.

*M. M. Gordon,* and *A. A. Sargent* for the defendants.

Obtaining a decree of foreclosure operates as a satisfaction and discharge of the mortgage debt to the extent of the value of the land taken, and a subsequent action can only be maintained for the deficiency.   *Skelton* v. *Ward,* 51 Ind. 46; *Smith* v. *Osbone,* 33 Mich. 410; Jones on Mortgages, 6th ed. §1719; *Danforth* v. *Coleman,* 23 Wis. 528; *Thompson* v. *Davis,* 29 Ind. 264.

ROWELL, C. J.   On February 26, 1902, one Sprague sold and conveyed a farm to the plaintiff, who gave back a mortgage thereon to secure his note for $2,750 for part of the price, payable at five years date with interest annually.   Six months later, the plaintiff sold and conveyed the farm to the defendants, who, in the deed to them, assumed and agreed to pay the mortgage debt as part of the price.   Subsequently the defendants sold and conveyed the farm to Carr and wife, who, in like manner, assumed and agreed to pay said debt as a part of the price; and they sold and conveyed it to Curtis and wife in the same way.   After all this, and on April 24, 1905, Sprague sued the plaintiff to the June term of the county court for the interest then due on the note.   He also brought a petition to the same term against Curtis and wife and a subsequent mortgagee, to foreclose said mortgage, and obtained a decree limiting, by agreement between the parties thereto, the time of redemption as to part of the note to December 1, 1905, which not being paid, the decree became absolute, and Sprague took possession of the farm, and remained in possession until he sold it.   When he took possession, the farm was worth more than the amount of his decree.   After that, and on May 14, 1906, the plaintiff settled Sprague's suit against him by paying to Sprague $216.80 damages, which was less than the amount of interest due

on the note at the commencement of the suit, and $65.76 as and for the costs of foreclosure and the motion to shorten time, making in all $282.56, which he seeks to recover here, together with $24.15 that he laid out and expended for legal services and his own expenses in and about that suit.

On the facts found, the court rendered judgment for the defendants, to which the plaintiff excepted. The plaintiff claims certain other exceptions that the court disallowed as not being properly taken. But as counsel say they regard it immaterial whether they were properly taken or not, we do not consider the matter.

The defendants, by taking their deed from the plaintiff and going into possession under it, thereby assumed and agreed to pay Sprague's mortgage as part of the purchase price, whereby, as between the plaintiff and the defendants, the defendants became primarily liable for the payment of the mortgage, and the plaintiff became their surety therefor, and, according to some of the cases, the land became the primary fund out of which payment was to be made, while according to others, the purchase money reserved by the grantees became the primary fund. *Wells* v. *Tucker,* 57 Vt. 223; *Green* v. *Kelley,* 64 Vt. 309, 24 Atl. 133; *Field* v. *Hamilton,* 45 Vt. 35; *Comstock* v. *Drohan,* 71 N. Y. 9; and *Drury* v. *Holden,* 121 Ill. 130, 13 N. E. 547,—are of the first class. *Rice* v. *Saunders,* 152 Mass. 108, 24 N. E. 1079, 8 L. R. A. 315, 23 Am. St. Rep. 804; and *Thayer* v. *Torrey,* 37 N. J. Law. 339,—are of the second class. See an extended note on this whole subject in 78 Am. Dec. 72-90.

As the defendants agreed to *pay,* they were bound to do more than to indemnify and save harmless; they were bound to *pay;* and so when the interest fell due for which Sprague sued the plaintiff, the defendants should have paid it, and not having done so, the plaintiff could have sued them and recovered the amount of it, whether he had paid it or not. This is so by all the cases. *Green* v. *McDonald,* 75 Vt. 93; *Locke* v. *Homer,* 131 Mass. 93, 41 Am. Rep. 199; *Rice* v. *Saunders,* 152 Mass. 108, 24 N. E. 1079, 8 L. R. A. 315, 23 Am. St. Rep. 804, above cited. And it is well shown by the rules of pleading. Thus, in all cases of conditions to indemnify and save harmless, the proper plea is *non damnificatus,* and if there be any damage, the plaintiff must reply it. But this plea cannot be pleaded when the condition is to discharge and acquit the plaintiff from such a

bond or other particular things, for there the defendant must set forth affirmatively the special manner of performance. It is otherwise, however, when the condition is to discharge and acquit the plaintiff from any *damage* by reason of such a .bond or other particular thing, for that is, in effect, the same as a condition to indemnify and save harmless. 1 Saund. 116, note (1).

But when Sprague's decree of foreclosure became absolute, and he took possession thereunder, it operated in law as a purchase of the farm by him in satisfaction of his mortgage debt, the value of the farm then being more than the amount of his decree. After that, the plaintiff had no right to settle with Sprague and pay him as he did and charge it to the defendants, for Sprague had already been paid in full. But the plaintiff was damnified by that suit to the amount of $24.15 that he laid out and expended in and about the same as aforesaid, for which the defendants were to blame, as they should have paid as they agreed. The plaintiff, therefore, is entitled to recover that sum, with interest thereon from May 14, 1906, when he paid it.

*Judgment reversed, and judgment for the plaintiff accordingly.*